[No. 16205.   Department Two.   April 11, 1921.]

FRED R. ALEXANDER, *Appellant,* v. ADOLPHUS LEE LEWES
*et al., Respondents.*[1]

APPEAL (180)—REQUISITES—FINAL JUDGMENTS.   An order of court modifying a judgment after its entry is a final order within Rem. Code, § 1716, subd. 7, and hence appealable within ninety days thereafter under Rem. Code, § 1718, prescribing such limitation on appeals from final orders and judgments.

APPEAL (80) — RIGHT TO APPEAL — ELECTION.   The election of a party to appeal from an order modifying a judgment was not an improper procedure, though the question may have been reviewable by certiorari or other form of special proceeding.

JUDGMENT (121)—OPENING—TIME FOR APPLICATION.   Under Rem. Code, § 466, prescribing one year as limitation on proceedings to vacate or modify a judgment, an appeal from an order modifying a judgment must be taken within one year from the entry of the original judgment instead of from date of the modifying order or judgment.

Appeal from an order and judgment of the superior court for Cowlitz county, Darch, J., entered June 2, 1920, modifying a judgment and decree, after a hearing before the court upon a petition.   Reversed.

*H. W. Arnold* and *Clarence H. Gilbert,* for appellant.

*Miller & Wilkinson,* for respondents.

PARKER, C. J.—This is an appeal by the plaintiff, Alexander, from an order entered by the superior court for Cowlitz county, upon the petition of the defendants Lewes *et al.,* modifying the judgment and decree of that court, entered in pursuance of a decision of this court, reversing the original judgment entered in this case.

The history of this controversy is related in considerable detail in our decision rendered in this case upon the merits, reported in 104 Wash. 32, 175 Pac. 572.   On

[1]Reported in 197 Pac. 22.

March 10, 1919, in pursuance of the remittitur from this court evidencing its decision reversing the original judgment upon the merits rendered by the superior court, that court entered its judgment awarding relief to the plaintiff, which judgment is conceded to be in harmony with the decision of this court reversing the original judgment, except as to a paragraph therein reading as follows:

"That plaintiff is entitled to receive the said real property pursuant to the terms of his said will, from said Frederick Lee Lewes free and clear of all incumbrance; and in the event that plaintiff is compelled to pay that certain mortgage or any part thereof given by Frederick Lee Lewes to Lewis T. Jones and Laura E. Jones to secure the sum of $500 which mortgage is recorded in book 56 at page 471 of the mortgage records, in the office of the county auditor, county of Cowlitz, Washington, covering the whole of said A. Lee Lewes Donation Land Claim, then in that event it is hereby ordered and adjudged that plaintiff have and he is hereby given a lien upon all the remaining real property of said Frederick Lee Lewes, described in the deeds mentioned in the preceding paragraph, in such amount as plaintiff may expend in satisfying said mortgage, and the defendants and each of them are hereby declared and decreed to hold all of said remaining real property of said Frederick Lee Lewes in trust for plaintiff as security for the payment of said mortgage and until said mortgage is satisfied in so far as it affects said south half (½) of said Adolphus Lee Lewes Donation Claim described in paragraph one (1) above without cost or expense to plaintiff."

All that was said in our decision, upon the merits touching this $500 mortgage and the rights and obligations of the respective parties thereunder, is found on page 49 of our reported decision as follows:

"Appellant has prayed for a decree directing that respondents pay, or cause to be satisfied, a certain

mortgage for the sum of five hundred dollars which was placed upon the property by Frederick Lee Lewes after the execution of the will. Respondents are not personally liable for this incumbrance and we are without power to charge them with its payment.''

On March 19, 1920, which, it will be noticed, was one year and nine days after the entry of the judgment by the superior court in pursuance of the remittitur from this court, the defendants filed in the cause in the superior court their petition to modify the judgment so entered, praying that there be eliminated from that judgment the paragraph thereof, above quoted from, relating to the $500 mortgage. The ground upon which the claimed relief so petitioned for is rested is that the portion of the judgment so sought to be eliminated was rendered because of ''mistake or omissions of the clerk, or irregularity in obtaining the judgment,'' following the language of Rem. Code, § 466; the sole argument being that the judgment and decree so entered is not in conformity with the decision of this court touching the $500 mortgage. A hearing upon the petition to modify the judgment, all parties being represented by counsel, resulted in an order and judgment modifying the judgment and decree entered upon the decision of this court, as prayed for. This is the order and judgment here upon review.

Respondents have moved in this court for a dismissal of this appeal. It is contended in that behalf that the appeal is ineffectual because not taken within fifteen days following the entering of the modifying order and judgment, though taken within ninety days thereafter. Counsel invoke the provisions of Rem. Code, § 1718, reading as follows:

''In civil actions and proceedings an appeal from any final judgment must be taken within ninety days

11—115 WASH.

after the date of the entry of such final judgment; and an appeal from any order, other than a final order, from which an appeal is allowed by this act, within fifteen days after the entry of the order, . . ."

It is insisted that the order and judgment appealed from is not a final order or judgment within the meaning of that section. We think it is. Manifestly it is a final order, even if not technically a final judgment. See Rem. Code, § 1716, subd. 7. Some contention is further made, upon the motion to dismiss, that the modifying order in question is reviewable in this court only by certiorari or some other form of special proceeding in this court, other than appeal. It may be that appellant could have sought relief in this court by some such special proceeding upon the ground that an appeal would not have furnished him a "plain, speedy and adequate remedy." That, we think, however, would not argue that appellant might not elect to regard an appeal as furnishing him a sufficiently plain, speedy and adequate remedy in this case. We conclude that the motion to dismiss the appeal should be denied. It is so ordered.

It is contended in behalf of appellant that the modifying order and judgment must be reversed and set aside because the application therefor was not made within one year following the entry of the judgment so sought to be modified. This contention, it seems to us, must be sustained, in the light of the plain language of Rem. Code, § 466, which is:

"The proceedings to vacate or modify a judgment or order for mistakes or omissions of the clerk, or irregularity in obtaining the judgment or order, shall be by motion served on the adverse party, or on his attorney in the action, and within one year."

Counsel for respondents seem to seek to avoid this statutory provision upon the ground that the portion

of the judgment relating to the $500 mortgage, sought to be eliminated therefrom, is not merely erroneous and was entered through "mistakes or omissions of the clerk, or irregularity in obtaining the judgment," but is absolutely void, because not in accord with the decision of this court as evidenced in the above quoted portion thereof. We cannot so view the portion of the judgment sought to be eliminated. That judgment was entered by a court of general jurisdiction in a cause wherein all of the parties who in this proceeding seek to have it modified were parties. It could well be argued that the portion of the judgment sought to be eliminated is not out of harmony with our decision upon the merits. However, we are of the opinion that in no event was the rendering of the portion of the judgment sought to be eliminated anything more prejudicial to the rights of the respondents than error or mistake subject to correction by appeal, review or petition under Rem. Code, § 466, and that the time prescribed by law for seeking such correction has expired.

We are quite convinced that the order and judgment, modifying the judgment and decree entered by the superior court upon the remittitur from this court evidencing a reversal of the original judgment, must be reversed and set aside. It is so ordered.

MITCHELL, MAIN, TOLMAN, and MOUNT, JJ., concur.